HARVESTER BUILDING AND LOAN ASSOCIATION, RESPONDENT, v. HANA AND SIMON ELBAUM, APPELLANTS.

Argued October 18, 1938—Decided January 13, 1939.

For the appellants, *Simon M. Seley* (*Lester Sandles* and *Benjamin L. Stern,* on the brief).

For the respondent, *Leber & Ruback* (*Meyer E. Ruback,* of counsel).

The opinion of the court was delivered by

PARKER, J. This case is here for the second time. On the first appeal (119 *N. J. L.* 437) a summary judgment for defendants on the striking out of plaintiff's reply was reversed, on the ground that a question of fact was involved, which, if settled in favor of the plaintiff mortgagee, would entitle such plaintiff to maintain its suit for a deficiency. That question was, in general terms, whether the plaintiff had "exhausted its security in compliance with the statute" by showing "that the apparent encumbrance which remained upon the premises at the time of the sale, unaffected by the foreclosure decree, was of such a nature that it did not prejudice the sale by deterring bidders, nor lessen the vendible value of the mortgaged premises by depriving a purchaser of his right of possession under his deed, or otherwise." The "apparent encumbrance" considered was the tenancy of one Brown created by the mortgagee after the latter had taken possession of the mortgaged premises (page 439 of 119 *N. J. L.*). The facts on this point were set out in the reply, and supported by affidavits; but the Circuit Court considered them insufficient in law, struck out the reply, and entered judgment for the defendant, which was reversed in the cited case. We held that the reply, and the affidavit of a real estate expert in support of it, "raised an issue of fact as to whether the presence of this tenancy under the surrounding circumstances did affect the vendible value of the mortgaged premises by deterring bidders." The reversal naturally reinstated the reply, which had been struck out, and the defendants were therefore called upon to traverse, or confess and avoid. The allegations of the reply that are pertinent to the present appeal were that after filing bill, the plaintiff took possession of the mortgaged premises, rented

part thereof to one Brown as a monthly tenant, and on March 1st, 1936, gave him notice to quit on April 1st; that the sale by the sheriff was on March 31st; that announcement was made, as stated in our former opinion, that full possession would be delivered with the deed; and that at the sale neither the vendible value nor the bidding was affected by the then existing tenancy of Brown, which was terminated before confirmation of the sale and delivery of the deed. The rejoinder, so far as it relates to the above, was simply a general denial. The plaintiff moved to strike it, on several grounds, one of which was that it was sham; and submitted affidavits, defendants submitting counter-affidavits, one of which was by a real estate man, giving as his opinion that the occupancy by Brown did affect the vendible value of the property at the time of sale; first, because the neighborhood was changing to business, and purchasers would wish immediate and complete possession; secondly, that "failure to cut off an interest by foreclosure * * * is an absolute deterrent to careful bidders * * * it was also possible that troublesome litigation would arise if (the tenant) should prove recalcitrant; intelligent real estate bidders avoid buying lawsuits;" thirdly, "the announcement at the sale, in my opinion, was of little importance. Some people, recognizing it as an unusual announcement, might thereby scent trouble and be further deterred from bidding." This, as will be seen, raised a square issue of fact, based on opinion evidence for both parties, but nevertheless an issue of fact, whether the announced occupancy and physical possession by Brown at the time of the sale, publicly stated, would or would not deter bidders, even with the qualifying statement added thereto. The Circuit judge, commenting on the statement in our former opinion, that an issue of fact was raised, even by expert evidence, held, as we read his opinion, that the filing of the rejoinder did "not raise an issue as to any fact which might be in dispute." To this we cannot agree. If, as we said previously, the allegations of the reply raised an issue of fact on the point under consideration, it was no less an issue of fact because traversed; indeed, it did not become an "issue" of fact on the record until traversed.

We conclude, therefore, that there must be a reversal, to the end that the question of fact involved be determined by a jury. Costs to abide the event of the suit.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.